# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TAHOE CABIN, LLC, a Nevada limited liability company; TAHIZZLE, LLC, a Nevada limited liability company; and PATRICK K. WILLIS, TRUSTEE OF THE PATRICK K. WILLIS FAMILY TRUST DATED MARCH 28, 2000, | |
| Plaintiffs, | Case No. 3:22-cv-00175-RCJ-CSD |
| vs. | **ORDER** |
| FEDERAL HIGHWAY ADMINISTRATION an agency of the United States Department of Transportation; AMY S. FOX, Division Director, Central Federal Lands Highway Division, in her official capacity; RYAN MATHIS, Central Federal Lands Highway Division, in his official capacity; and DOES 1-25, | |
| Defendants. | |

Plaintiff Tahoe Cabin, LLC, a Nevada limited Liability company; Tahizzle, LLC, a Nevada Limited Liability Company; and Patrick K. Willis, Trustee of the Patrick K. Willis Family Trust dated March 28, 2000 (collectively, "Plaintiffs") bring a cause of action against Defendant Federal Highway Administration, an agency of the U.S. Department of Transportation; Amy S. Fox,

Division Director, Central Federal Lands Highway Division ("CFLHD"), in her official capacity; and Ryan Mathis, CFLHD, in his official capacity (collectively, "Defendants"), for allegedly violating the National Environmental Protection Act ("NEPA").[1] Defendants started to build a new entrance to a beach club on US Highway 50. Plaintiffs brought an action to stop the construction, alleging that Defendants did not take a "hard look" at the safety issues that the construction allegedly created. Plaintiffs live close to the new construction and allege that the new entrance creates safety issues for Plaintiffs and the general public. Currently, before this Court is a Motion for a Preliminary Injunction to prevent Defendants from continuing to construct the entrance to the Beach Club. (ECF No. 13.) Additionally, this Court will rule on the Request to Supplement the Motion for a Preliminary Injunction (ECF No. 51.)  Having considered the motions, the Court denies Plaintiffs' Motion for a Preliminary Injunction and the Request to Supplement the Motion for a Preliminary Injunction. (ECF No. 13 & 51.)

## FACTUAL BACKGROUND

Plaintiffs live on Sierra Sunset Lane off US Highway 50 in Lake Tahoe, which is adjacent to Round Hill Pines Beach Club ("Beach Club"). (ECF No. 45 at 2.) In fact, entrance to Plaintiffs' property and the Beach Club are roughly 1600 feet from each other. (*Id*.) Plaintiffs' property and the Beach Club are only accessible from US Highway 50. (ECF No. 13 at 4.) In an effort to increase the safety of the drivers entering and exiting the Beach Club, Defendants developed the US Highway 50 Round Hill Pines Access Project ("the Project"). (ECF No. 16 at 7.) The current entrance and exit for the Beach Club "has safety concerns due to limited sight distance for vehicles traveling in both directions along US [Highway] 50." (*Id*. at 221.) Additionally, Defendants

---

[1] While the original complaint included additional defendants, these are the only defendants remaining. (ECF No. 1.)

developed the Project in response to the growth in expected visitors to the Beach Club. (ECF No. 45 at 7.) For these reasons, Defendants developed a project that replaced the entrance to the Beach Club and improved a segment of US Highway 50 to allow for the new entrance to the Beach Club. (ECF No. 1 at 37.) However, the new entrance to the Beach Club is located within 600 feet of Sierra Sunset Lane. (ECF No. 45 at 12.)

Defendants distributed a newsletter to adjacent landowners, public agencies, and community groups starting in March 2019 and ending sometime in September of the same year to inform the public of the Project. (ECF No. 16 at 8-9; ECF No. 45 at 8.) Defendants provided the public with an opportunity to review and discuss the Project in person at a public meeting on April 23, 2019. (ECF No. 16 at 8). The public then got to discuss the Project again with the Defendants at a public meeting on September 25, 2019. (*Id*.) At both meetings the public provided Defendants with comments and asked Defendants questions about the Project. (*Id*.) Defendants proceeded with the Project development and conducted an Environmental Assessment ("EA") to determine the Project's environmental impact and finalize the Project under the Administrative Procedure Act. (ECF No. 16 at 9.) Upon finding that the Project created less than significant impacts to the environment, Defendants published a Notice in the Federal Register on October 18, 2021, advising the public that Defendants took final action pursuant to a Finding of No Significant Impact ("FONSI") for the Project. (*Id*. at 12.)

Defendants then put the Project out for bid and started construction sometime after March 22, 2022. (ECF No. 13 at 12.) Subsequently, Plaintiffs filed their complaint on April 19, 2022, and filed the Motion for a Preliminary Injunction at issue in this Order on June 3, 2022. (ECF No. 13.) Plaintiffs argue that they are entitled to a preliminary injunction because Defendants violated NEPA, and the Project will irreparably harm Plaintiffs. (*See Id*.) Defendants counter and argue that they did not violate NEPA because they took a "hard look" at the environmental impacts. (*See*

ECF No. 16.) Further, Defendants argue that a preliminary injunction is improper here because Plaintiffs do not prove any of the required elements for a preliminary injunction. (*Id*.) After the Motion for a Preliminary Injunction was fully briefed, Plaintiffs filed a Request to Supplement the Motion for a Preliminary Injunction and Pretrial Conference. (ECF No. 55.) The Court will address the Motion for a Preliminary Injunction first and resolve the Request to Supplement thereafter.

## LEGAL STANDARD

Federal Rule of Civil Procedure 65(a) allows a court to issue a preliminary injunction on notice to an adverse party. Plaintiffs seeking a preliminary injunction must show (1) that they are likely to succeed on the merits, (2) that they will likely suffer irreparable harm without a preliminary injunction, (3) that the balance of equities tip in their favor, and (4) that the injunction is in the public's interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs must establish each of the aforementioned factors to receive a preliminary injunction because "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Id*. at 24; *citing Munaf v. Geren*, 553 U.S. 674, 689-690 (2008); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion"). "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 312 (1982).

## ANALYSIS

Plaintiff's motion for a preliminary injunction fails because it is unlikely that Plaintiffs will succeed on the NEPA claim and Plaintiffs cannot show that they will likely suffer irreparable harm. This Court will not grant a motion for a preliminary injunction because Plaintiffs cannot prove all

the required elements for a preliminary injunction, as required under *Winter*.[2] *See Winter*, 555 U.S. at 20.

## A. Likelihood of Success on the Merits

Plaintiff's chance of success on the merits of the NEPA claim are low given the record before the administrative agency. Plaintiff requests a preliminary injunction based on the claim that Defendant's did not consider the impacts of, and alternatives to, the construction on the highway. (ECF No. 13.) The lack of consideration, Plaintiff argues, violated NEPA because Defendant did not take a "hard look" at the environmental impacts of the construction. (*Id*.) "NEPA requires that a federal agency consider every significant aspect of the environmental impact of a proposed action and inform the public that it has indeed considered environmental concerns in its decisionmaking process." *Pit River Tribe v. U.S. Forest Serv*., 469 F.3d 768, 781 (9th Cir. 2006) (internal quotations and citation omitted). This Court "must ensure that [Defendant] took a "hard look" at the environmental consequences of its decision." *Id*.; *citing Kleppe v. Sierra Club*, 427 U.S. 390, 410 n. 21 (1976). The Court shall look to whether Defendant followed NEPA's procedural safeguards. *See Id*. at 781.

However, the Court shall review Defendant's adherence to NEPA's procedural safeguards under the arbitrary and capricious standard. The Administrative Procedure Act provides courts with the authority to review agency actions. 5 U.S.C. § 706(2)(A). Courts can overturn an agency action only when it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Pit River Tribe*, 469 F.3d at 778; 5 U.S.C. § 706(2)(A). The Supreme Court best described the arbitrary and capricious standard as whether "the agency has relied on factors which

---

[2] The Court does not discuss the other *Winter* factors because Plaintiffs clearly cannot show that there is a probability of winning on the merits or that they will face irreparable harm without a preliminary injunction.

Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983).  This Circuit describes "the arbitrary and capricious standard as deferential and narrow, establishing a high threshold for setting aside agency action." *Alaska Oil & Gas Ass'n v. Jewell*, 815 F.3d 544, 554 (9th Cir. 2016) (quotations and citations omitted). Put simply, Plaintiffs are fighting an uphill battle under the arbitrary and capricious standard.

First, Plaintiffs incorrectly provide the Court with support for the NEPA claim using evidence that was not before Defendants when they undertook the proposed construction. (ECF No. 13.) "A court reviews agency action under the APA by considering the 'whole record' that was before the agency when it undertook the challenged action." *Sackett v. U.S. Env't Prot. Agency*, 8 F.4th 1075, 1086 (9th Cir. 2021); 5 U.S.C. § 706. The Court's review of Defendants' actions is limited by the record before the agency when it undertook the proposed action. Plaintiffs try to supplement the record before the agency with expert testimony in their favor. Plaintiffs' actions are not only impermissible, but the actions underscore how unfriendly the administrative record is to Plaintiffs' NEPA claim.

Applying the arbitrary and capricious standard to whether Defendants took a "hard look" at the environmental impacts of the proposed construction, it is quite clear that Plaintiffs' NEPA claim does not have a high probability of success. Plaintiffs allege that Defendants did not take a "hard look" at the safety concerns of the proposed construction as it pertains to Plaintiffs' ingress and egress; specifically, whether the proposed construction creates a safety hazard for Plaintiffs' driveway, Sierra Sunset Lane. Excluding Plaintiffs' expert testimony, Plaintiffs allegations are merely conclusory and do not provide the Court with important aspects of the traffic issues. *See*

*State Farm Mut. Auto. Ins. Co.*, 463 U.S. at 43. Rather, Defendants recognized the issues with the current area of road, identified solutions to the hazard, and considered the impacts of the solutions to the surrounding area.

As Plaintiffs identified in their Reply in Support, Defendants considered the potential impact to the surrounding area and determined that "[t]he project would not cause a substantial adverse effect upon the existing transportation system or alter existing traffic patterns, or **increase traffic hazards**." ECF Section 3.9 Transportation, of the EA (emphasis added). Contrary to Plaintiffs' belief, Defendants clearly considered the potential impact on safety in the EA that they prepared for the Project. Plaintiffs want Defendants to go above and beyond to produce an EA that considers every possible risk, but "[t]he EA is not an exhaustive examination of every possible environmental event." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014). Defendants satisfied the "hard look" requirement under NEPA and created an EA that "provide[d] a reasonably thorough discussion of the significant aspects of the probable environmental consequences." *350 Montana v. Haaland*, 29 F.4th 1158, 1169 (9th Cir. 2022). Accordingly, Plaintiffs' NEPA claim has little chance of success on the merits and Plaintiffs' request for preliminary injunction should be denied.

**B. Likelihood of Suffering Irreparable Harm**

Even though the court will not grant a preliminary injunction because Plaintiffs cannot show a likelihood of success on the merits, the court will also not grant a motion for a preliminary injunction because Plaintiffs cannot show that they will face irreparable harm.[3] Plaintiffs argue that they will face irreparable harm because the construction will result in an unsafe roadway for

---

[3] The Court includes this section because "a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Plaintiffs and the public. According to Plaintiffs, if the construction on the Project goes too far, the Defendants will permanently change the roadway, which *might* result in more accidents. To receive a preliminary injunction, "plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Cottrell*, 632 F.3d at 1131 (citation omitted). Plaintiffs do not provide the court with anything more than speculation as to whether vehicle crashes will occur. Simply stating that something may occur in the future does nothing to show the Court that irreparable harm is likely.

Further, Plaintiffs delay in filing this case cuts against the possibility of irreparable harm. A "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." *Oakland Trib., Inc. v. Chron. Pub. Co*., 762 F.2d 1374, 1377 (9th Cir. 1985) (citation omitted).  Plaintiffs filed this Motion for a Preliminary Injunction in June of 2022 after knowing about the construction since October 18, 2021, when Defendants published the Notice of final Federal Agency Action. Taking over half a year to file the Motion for Preliminary Injunction is indicative of whether Plaintiffs believed that they would face irreparable harm.

Moreover, Plaintiffs delay in filing the Motion for a Preliminary Injunction comes close to making the claim moot. Defendants are finished with construction on the Project at the end of October. (ECF No. 16 at 50) (construction season starts May 1st and ends October 15th.) The Motion for a Preliminary Injunction was fully briefed on June 24, 2022. (ECF No. 21.) What did Plaintiffs expect when they filed the Motion for a Preliminary Injunction over a month into the construction season and only a few months before the end of construction? Surely, they did not expect that Defendants would permanently alter the road in the final months of the construction season. At this point, the construction is almost finished, and the alleged irreparable harm already exists.

Plaintiffs' failure to show anything more than speculation as to irreparable harm and the delay in filing the Motion for a Preliminary Injunction make it hard for this Court to believe that irreparable harm is likely. Therefore, the Motion for a Preliminary Injunction should be denied because Plaintiffs can show neither the possibility of winning their NEPA claim nor that irreparable harm is likely.

## REQUEST TO SUPPLEMENT MOTION FOR A PRELIMINARY INJUNCTION AND FOR PRETRIAL CONFERENCE

Plaintiffs ask this Court to supplement their initial Motion for a Preliminary Injunction because Defendant's continued construction on the Project allegedly created more reasons to grant a preliminary injunction. Plaintiffs Request to Supplement makes clear that Plaintiffs filed it with the intent of receiving a ruling on the original Motion for a Preliminary Injunction and to provide the Court with updated evidence. Plaintiffs' Request to Supplement is improper under the Local Rules. According to the Local Rules, "[a] party may at any time make a written request for a pretrial conference to expedite disposition of any case, particularly one that is complex or in which there has been delay. LR 16-2. This case is neither complex nor has there been a delay. The Motion for a Preliminary Injunction was fully briefed at the end of June, and it is now the start of October. Surely, there hasn't been a delay. Instead, Plaintiffs' delay in filing the complaint and subsequently the Motion for a Preliminary Injunction created a delay. This Court will not allow Plaintiffs to rely on LR 16-2 to supplement the Motion for a Preliminary Injunction in order to expedite the case.

Further, there are no other reasons to supplement the Motion for a Preliminary Injunction. Plaintiffs believe the Request to Supplement is valid because circumstances changed since the Plaintiffs fully briefed the Motion for a Preliminary Injunction. In reality, Plaintiffs use the Request to Supplement to repackage the arguments made in the Motion for a Preliminary

Injunction and provide updated evidence to show irreparable harm. Throwing "new" arguments at the wall with additional evidence to make it stick is not a reason to grant a request to supplement. Accordingly, the Request to Supplement is denied. For that reason, the Request for a Pretrial Conference on the Request to Supplement is also denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Request to Supplement the Motion for a Preliminary Injunction and for Pretrial Conference is **DENIED**. (ECF No. 51.)

IT IS FURTHER ORDERED that the Motion for a Preliminary Injunction is **DENIED**. (ECF No. 13.)

IT IS SO ORDERED.

Dated this 4th day of October 2022.

ROBERT C. JONES
United States District Judge